UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| EUGENE JACK BURKE, | No. ED CV 14-00221-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

1. Whether the Administrative Law Judge ("ALJ") properly

considered the treating physician's opinion,.
(JS at 2.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY CONSIDERED THE TREATING PHYSICIAN'S OPINION**

In his decision (AR 9-19), the ALJ determined that Plaintiff had severe impairments of hypertension; history of lipoma on inner thigh with resection (4 times); diabetes; obesity; sleep apnea; back pain; and bipolar disorder. (AR 11.) After determining Plaintiff's residual functional capacity ("FRC") (AR 12), and concluding that Plaintiff is unable to perform any of his past relevant work (AR 17), the ALJ proceeded at Step Five to determine that based on his RFC, Plaintiff was not disabled because he has the ability to perform other work, identified in the decision. (AR 18.)

In reaching his determinations, the ALJ considered treatment Plaintiff received from the Kamath Medical Group from May 4, 2009 through February 16, 2012. (AR 15.) The evidence considered includes a document prepared and signed by Dr. Kamath entitled "Medical Report." (AR 390.) In that document, Dr. Kamath opined that Plaintiff has a physical and mental incapacity that prevents or substantially reduces his ability to work full time at his customary job. The expected duration of this disability would be two years. (Id.)

Plaintiff asserts error because the ALJ did not either accept or reject this particular opinion rendered by Dr. Kamath.

For the following reasons, the Court finds that Plaintiff's position is without merit. First, Dr. Kamath assessed that Plaintiff has diabetes, morbid obesity, hypertension, and chronic pain. The ALJ did not err in failing to discuss this portion of Dr. Kamath's opinion, because the ALJ assessed these conditions as severe impairments. (AR 11.)

With regard to Dr. Kamath's opinion, which consists of a check mark next to the word "Yes," that Plaintiff would not be able to work full time at his customary job, again, the Court can find no error, because the ALJ did not disagree with this portion of Dr. Kamath's opinion, although it is an opinion as to disability, which is not within the purview of the doctor, but is, rather, an administrative determination. (See 20 C.F.R. §§ 404.1527(d)-(e)(1), (1), 416.927(d)-(e)(1).) The ALJ in fact agreed with Dr. Kamath by finding that Plaintiff cannot perform his past relevant work (AR 17), and thus proceeded to Step Five of the sequential evaluation process by identifying other work that Plaintiff can perform. In this litigation, Plaintiff does not disagree with the ALJ's Step Five determination. Therefore, there is simply no disagreement between the ALJ's conclusions and those of Dr. Kamath, and the Court can find no discernable error in the ALJ failing to point out that he agreed with Dr. Kamath. As such, if one were to even attempt to assess error, at most it would be harmless error. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

//
//
//
//

For the foregoing reasons, the Court finds no merit to Plaintiff's sole assessment of error in the ALJ's decision, and for that reason, affirms the decision and orders the matter dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: August 6, 2014                    /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE